IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. CACE 16-015959

**RONALD MOREL,**

        Plaintiff,

v.

**JULIE L. JONES, in her official
capacity as Secretary of the
Department of Corrections, and
MIKE CARROLL, in his official
capacity as Secretary of the
Department of Children and Families,
THE GEO GROUP, INC.,
a Florida corporation,
GEO CARE LLC, a limited liability company,
and WILLIAM R. THIES, individually.**

        Defendants.

_____/

# AMENDED COMPLAINT

        Plaintiff, RONALD MOREL, sues JULIE L. JONES, in her official capacity as Secretary of the Department of Corrections, and MIKE CARROLL, in his official capacity as Secretary of the Department of Children and Families, THE GEO GROUP, INC., a Florida corporation, GEO CARE LLC, a Florida limited liability company, and WILLIAM R. THIES, in his individual capacity, and alleges the following:

## INTRODUCTION

1.     This action challenges the detention resulting from the civil commitment of Plaintiff (hereinafter referred to as "Morel"), by Defendants, on the grounds that Morel was not subject to, and did not meet the eligibility criteria for the civil commitment, and also

challenges the resulting malicious prosecution of Morel under the *Jimmy Ryce Act,* and the bad faith acts of agents of DCF and DOC. As a result, Morel was illegally and improperly detained, and held in pre-trial "civil commitment" detention by the Defendants for over 12 years, until his case was dismissed by the appeals court for the lack of original jurisdiction over him. His illegal detention lasted from about April 17, 2002 until June 18, 2014.

## PARTIES

2. Plaintiff, RONALD MOREL ("Morel"), is an adult resident of Hernando County, Florida who, at all material times, was detained and otherwise imprisoned by the Defendants and their agents as more fully alleged herein.

3. Defendant, JULIE L. JONES, is sued in her official capacity as the Secretary of the Department of Corrections ("DOC"), and was vested with the authority and ability to detain and civilly commit Morel at various times, and to release Morel to the Department of Children and Families ("DCF") for further detention.

4. Defendant, MIKE CARROLL, is sued in his official capacity as Secretary of DCF, which at all material times implemented and executed the mandates of Section 394.910, *et. seq.*, Florida Statutes, which authorized the Department of Children and Families to involuntarily commit certain offenders ("civil commitments").

5. Defendant, THE GEO GROUP, INC., ("GEO") is a Florida corporation that operated the Florida Civil Commitment Center ("FCCC") in DeSoto County, Florida, through a contract with DCF. Defendant GEO CARE LLC is also a Florida limited liability company formed in 2012 to operate the FCCC through a contract with DCF.

6. Defendant WILLIAM R. THIES is sued in his individual capacities due to his acts, errors,

and omissions in April 2002 that commenced the prosecution against Morel, and led to his 12 year illegal commitment. His role is more fully alleged herein.

## JURISDICTION

7. This action arises under 42 U.S.C. §§ 1983, for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and also for state law claims. This is also an action for damages in excess of $15,000.00

8. Attorneys' fees and costs are sought pursuant to 42 U.S.C. § 1988, where applicable.

9. All acts of Defendants and their agents have been taken under color of state law.

10. Where required, DOC and DCF were placed on formal notice of suit, pursuant to Section 768.26(6), Florida Statutes, and more than six months has elapsed since receipt of that notice. *See Exhibit A.*

## VENUE

11. Venue is proper in Broward County as the orders of commitment for Morel were originally issued in Broward County, Florida, and Morel was involuntarily committed to DCF's care and custody in April 2002, while in Broward County, Florida.

## FACTS

12. On or about January 23, 1995, Morel was arrested for sexual battery and false imprisonment, and a prosecution was commenced in Broward County (*Case #: 95001479CF10A*). On or about February 1, 1996, Morel was found guilty after a jury trial. On or about March 6, 1996, Morel was sentenced in Broward County to a term of 160.2 months in state prison with credit for 347 days of imprisonment that he already served. He was committed to the DOC. Morel was not designated as a sexual predator under Section 775.21, Florida Statutes.

13. Dennis Siegel, then an assistant state attorney in charge of the sex crime/child abuse unit of the Broward County State Attorney's Office, in response to an inquiry from the DOC regarding classification and placement for Morel, wrote to them on or about October 15, 1998, that Morel did <u>not</u> qualify as a sexual predator. He stated: "I have reviewed our file and noted that the inmate was convicted of sexual battery - great force not used - a second degree felony, and had no prior convictions for a sex crime. Accordingly, he does not qualify as a sexual predator."

14. In connection with the aforementioned conviction, Morel filed in November 2001 his "Motion to Correct Illegal Sentence" due to an incorrect assessment of 5.6 points (on the score sheet) for a prior burglary conviction that did not belong to him.

15. On or about April 17, 2002, Morel's "Motion to Correct Illegal Sentence" was granted, and by stipulation with the State of Florida, Morel was re-sentenced to 120 months with credit for 347 days concurrent on each count, *nunc pro tunc* to March 6, 1996 (the original sentencing date).

16. Based on this new sentence, DOC incorrectly re-calculated his release date to be January 29, 2002, when in fact his actual release date should have been prior to January 1, 1999, the effective date of the *Jimmy Ryce Act*. Hence, as of that date of re-sentencing, Morel had served more time than required under this new sentence, so he was no longer supposed to remain in DOC custody, as the sentence had expired. Even with DOC's incorrect calculation, Morel's sentence expired on January 29, 2002.

17. At this point, Morel was no longer in "lawful custody" by DOC and should have been released. DOC and DCF, and their agents knew that they had no jurisdiction to consider him

for civil commitment under Section 394.912(10)(b), Fla. Stat.

18. Nevertheless, on April 18, 2002, **Defendant William H. Thies**, the Correctional Services Administrator for DOC, wrote to Dr. Karen Parker, the Director for the Sexually Violent Predators Program, and stated that Morel had been identified by DOC as a "sexually violent predator" as defined by the Jimmy Ryce Act, and that Morel was scheduled for release from incarceration. In that letter, Defendant Thies incorrectly listed "11/5/2003" as Morel's "forecasted release date," when in fact is was "1/29/2002" or earlier.

19. On that same day, Defendant Thies received a letter from Dr. Karen Parker requesting that Morel be transported to the Florida Civil Commitment Center (hereinafter referred to as the "FCCC"). Defendant Thies obliged, and caused Morel to be transported to FCCC, as opposed to being released from DOC. The failure to release Morel caused the civil commitment procedure to be initiated against Morel. Defendant Thie's decision was made in bad faith to ensure that Morel would not be released from the custody of DOC without DCF being able to institute civil commitment proceedings, despite Defendant Thies knowing that Morel was not in lawful custody as of April 18, 2002.

20. After Morel was transferred to the FCCC in DeSoto, he was placed on a 72 hour hold for DCF's specialized team to evaluate him. On that same date, DCF wrote to the FCCC affirming that Morel was transported from DOC to FCCC, based on DCF's desire to determine if he met the criteria for being a sexually violent predator. Morel was then considered a resident and pre-trial detainee of the FCCC, and was not released for more than 12 years, as more fully alleged herein.

21. The FCCC is run by **Defendant The GEO Group, Inc.**, pursuant to a contract with DCF.

The contract was later amended to include **Defendant GEO Care LLC**.

22. Defendants The GEO Group, Inc., and GEO Care LLC, had a duty to ensure that each person committed to the FCCC was properly admitted to the facility pursuant to state law. These defendants were paid by DCF and the State of Florida approximately $100 per day per detainee, for custody, care, and control, or approximately $36,500 a year. DCF paid these Defendants over $440,000 to incarcerate for Morel during his 12 year stay. None of these defendants ever independently verified Morel's amended release date from DOC custody, and whether he was in "lawful custody" when he was transferred to FCCC.

23. At the time Morel was detained and transferred to FCCC, state law was clear and well-established that the *Jimmy Ryce Act* applied only to persons who were in *lawful custody*, and that *lawful custody* ended when a sentence expired. *See Atkinson v. State*, 791 So.2d 537 (Fla. 2nd DCA July 27, 2001). This opinion also established that if the *adjusted release date* for a detainee was before January 1, 1999, then there was no jurisdiction to commence civil commitment proceedings, because as of the effective date, the detainee was not in *lawful custody*.

24. The actions of Defendant Thies and other agents of DCF and DOC caused a *Jimmy Ryce Act* petition to be filed, and caused Morel to be improperly subjected to the *Jimmy Ryce Act* proceedings and to continue to be detained.

25. Accordingly, on or about April 23, 2002, an assistant state attorney filed a petition alleging that, based on information provided by Defendants Parker and Heffron, Morel met the criteria for commitment under the *Jimmy Ryce Act*. Thereafter, Morel was appointed counsel and waived his right under Section 394.916(1), Fla. Stat., to have a commitment trial held

within 30 days of the court's probable cause determination.

26. On or about May 23, 2002, Morel filed his first "Motion for Immediate Release from Civil Commitment" claiming he was being held improperly and that he was not in lawful custody on April 18, 2002, because his sentence had expired earlier. The Defendants were aware of this motion. That initial motion was heard and denied by trial court. Morel repeatedly reminded DCF and agents of GEO Care, Inc., that he was being improperly detained, from at least April 2002 until his release in June 2014.

27. Thereafter, the DOC (via Bureau Chief of Sentencing Structure and Transportation) filed an affidavit on or about June 17, 2002, which incorrectly stated that Morel's "overall release date" was adjusted to January 29, 2002. The affidavit failed to apply the proper basic and incentive gain times that Morel was entitled to by virtue of Section 944.275(4), Fla. Stat.

28. On or about February 10, 2009, Morel filed a "Pro Se Emergency Petition for Habeas Corpus Relief," asserting that due to a policy excluding non-committed detainees from participation, DCF was unconstitutionally denying him full access to the sexual offender treatment program, and that such program was a prerequisite for release. On or about April 1, 2009, that petition was denied.

29. Morel appealed that denial. The Second District then certified an Order "Requiring Immediate Resolution by the Florida Supreme Court." In January 2011, the Florida Supreme Court relinquished jurisdiction of matter to the trial court ordered a hearing to resolve facts surrounding the 8 year delay in treatment.

30. On or about February 18, 2011, Morel participated in an evidentiary hearing regarding the delay in his case moving forward. In December 2011, the Florida Supreme Court lifted the

temporary stay and ordered Morel's civil commitment proceedings to move forward immediately without any further delay  Ultimately, the Florida Supreme Court issued an opinion in *Morel v. Wilkens*, (Fla. March 8, 2012)*,* opining that the denial of program services to Morel was not a constitutional violation.

31. In furthering his insistence that he was being detained improperly, Morel filed  filed another "Motion to Dismiss" in January 2012, alleging that the State's petition for civil commitment as a sexually violent predator (SVP) should be dismissed for lack of subject matter jurisdiction – in that Morel was taken to FCCC in violation of state law.  That motion was denied, in part because the trial court relied upon the "safety valve provisions" of Section 394.9135, Fla. Stat., which existed in 2012 but did not exist in 2002 when Morel was illegally detained and prosecuted.  Morel appealed that decision to the Fourth District Court of Appeal.

32. Thereafter, Morel entered into a stipulation with the State whereby he waived his right to a trial, and committed himself voluntarily to the FCCC, but specifically reserved his right to appeal the decision denying his "Motion to Dismiss" for lack of jurisdiction.  This allowed Morel to receive program benefits and appeal the dismissal motion.

33. On or about May 14, 2014, the Fourth District Court of Appeal reversed the denial of the Motion to Dismiss for lack of jurisdiction, and found that DCF did not have jurisdiction to civilly commit Morel.  The Court noted: "[i]f the individual is not in lawful custody, in that his sentence is expired, the circuit court is without jurisdiction to adjudicate the commitment petition." (*Morel v. Florida, 4D12-447, May 14, 2014).*

34. A month later, on or about June 18, 2014, Morel was released from custody by order of court

(by agreement of Defendant DCF and other state agents).

35. Morel was illegally held in civil commitment by DCF and Defendants The GEO Group Inc., and GEO Care LLC, *from April 18, 2002, until June 18, 2014, for a total of 12 years and 2 months*.  During that time period, he was not free to leave the facility, and was under constant supervision.

## COUNT I

### (42 U.S.C. § 1983: Malicious Prosecution as to Defendant William R. Thies)

36. Plaintiff Morel realleges and adopts by reference the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

37. On or about April 18, 2002, or at some point thereafter, Defendant Thies caused a civil commitment prosecution to be commenced against Morel, by failing to release Morel from DOC custody, and instead causing the transportation of Morel to DCF custody so that he could be committed to the FCCC under the *Jimmy Ryce Act*.

38. The prosecution of Morel required that he had to remain "civilly committed" and detained at the FCCC until an evaluation was completed, and would have to participate in Phases I through IV of the sex offender treatment.

39. At the time of the commencement of the prosecution under the *Jimmy Ryce Act*, there was no basis for a reasonable person to believe that Morel was subject to the jurisdiction of the DCF, based on the illegal custody of Morel, the case law, the plain language of state law, and the revised release date for Morel which meant that he was not in lawful custody on April 18, 2002.  Hence there was absence of probable cause for such proceedings.

40. Defendant Thies acted with malice in causing this prosecution. Malice is implied by the fact that Morel did not meet the criteria eligibility for civil commitment, and that DOC no longer had Morel in "legal custody," and that the case law and state law had defined the term "legal custody" as of April 18, 2002. The reckless disregard for the rights of Morel, and the various statements made by these defendants to cause the prosecution and civil commitment, including the statement to DCF and others that Morel appeared to be a "sexually violent predator."

41. No prosecution of Morel under the *Jimmy Ryce Act* would have occurred but for the acts of Defendant Thies, in forcibly transporting Morel to FCCC and refusing to have him released to freedom.

42. The "civil commitment" was resolved in favor of Morel in May 2014, as more fully alleged herein, when the Fourth District Court of Appeals found that DCF had never had any jurisdiction over Morel to initiate the *Jimmy Ryce Act* proceedings and detain him. Morel was released from custody on or about June 18, 2014.

43. All acts of Defendant Thies were taken under color of state law. He acted with reckless disregard for the rights of Morel by commencing the proceedings without probable cause or justification, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

44. 42 USC § 1983 provides a remedy for this malicious prosecution.

45. As a result of the malicious prosecution by Defendant Thies, Morel suffered damages including past, present, and future emotional distress, embarrassment, humiliation, shame, and loss of freedom for more than 12 years, all of which exist to this day and continue in the

future.

**WHEREFORE**, Plaintiff Morel demands judgment against Defendant Thies for compensatory damages, attorneys' fees and costs pursuant to 42 USC § 1988, costs of this action, and also demands a *jury trial of all issues so triable*.

# COUNT II

### (Malicious Prosecution as to Defendant William R. Thies)

46. Plaintiff Morel realleges and adopts by reference the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

47. On or about April 18, 2002, or at some point thereafter, Defendant Thies caused a civil commitment prosecution to be commenced against Morel, by failing to release Morel from DOC custody, and instead causing the transportation of Morel to DCF custody so that he could be committed to the FCCC under the *Jimmy Ryce Act*.

48. The prosecution of Morel required that he had to remain committed at the FCCC until an evaluation was completed, and would have to participate in Phases I through IV of the sex offender treatment.

49. At the time of the commencement of the prosecution under the *Jimmy Ryce Act*, there was no basis for a reasonable person to believe that Morel was subject to the jurisdiction of the DCF, based on the illegal custody of Morel, the case law, the plain language of state law, and the revised release date for Morel which meant that he was not in lawful custody on April 18, 2002.  Hence there was absence of probable cause for such proceedings

50. Defendant Thies acted with malice in causing this prosecution.  Malice is implied by the fact

that Morel did not meet the criteria eligibility for civil commitment, and that DOC no longer had Morel in "legal custody," and that the case law and state law had defined the term "legal custody" as of April 18, 2002. Furthermore, the decision to not release Morel was made hastily. The reckless disregard for the rights of Morel, and the various statements made by these defendants to cause the prosecution and civil commitment, including the statement to DCF and others that Morel appeared to be a "sexually violent predator."

51. No prosecution of Morel under the *Jimmy Ryce Act* would have occurred but for the acts of Defendant Thies, in forcibly transporting Morel to FCCC and refusing to have him released to freedom.

52. The civil commitment charges were resolved in favor of Morel in May 2014, as more fully alleged herein, when the Fourth District Court of Appeals found that DCF had no jurisdiction over him to initiate the *Jimmy Ryce Act* proceedings and detain him. Morel was released from custody on or about June 18, 2014.

53. As a result of the malicious prosecution by Defendant Thies, Morel suffered damages including past, present, and future emotional distress, embarrassment, humiliation, shame, and loss of freedom for more than 12 years, all of which exist to this day and continue in the future.

**WHEREFORE**, Plaintiff Morel demands judgment against Defendant Thies for compensatory damages, costs of this action, and also demands a ***jury trial of all issues so triable***.

# COUNT III

### (False Imprisonment as to Defendants DCF and DOC and the GEO Group Inc. and GEO CARE LLC)

54. Plaintiff Morel realleges and adopts by reference the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

55. As more fully alleged herein, on or about April 18, 2002, and thereafter, Morel was improperly detained and incarcerated under the *Jimmy Ryce Act*, and a prosecution thereafter was commenced under the Jimmy Ryce Act.

56. Defendant DCF and its agents, including Defendants GEO Group Inc. and GEO CARE LLC, detained Morel, thereby depriving Morel of his freedom and liberty by restraining him in his movements. That detention was without the consent of Morel, against his will, unlawful, and not based upon a valid warrant or other judicial process. The detention did not end until June 18, 2014.

57. Defendant DOC and its agents, acting in concert with DCF, allowed Morel to be transferred to the FCCC without probable cause, and in contravention of state law.

58. At the time of the detention, Morel was not subject to the *Jimmy Ryce Act*, as his adjusted release date meant that he was no longer in lawful custody, and also because his adjusted release date was before the effective date of the Jimmy Ryce Act (January 1, 1999).

59. As a direct and proximate result of the acts and omissions of all the Defendants, Morel suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, and shame, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiff Morel demands judgment against Defendants DOC and DCF and its agents, including Defendants GEO Group Inc. and GEO CARE LLC, for compensatory damages, costs of this action, and also demands a *jury trial of all issues so triable*

# COUNT IV

### (Negligence as to Defendants DCF and DOC and the GEO Group Inc. and GEO CARE LLC)

60. Plaintiff Morel realleges and adopts by reference the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

61. As more fully alleged herein, on or about April 18, 2002, and thereafter, Morel was improperly detained and incarcerated under the *Jimmy Ryce Act*, and a prosecution thereafter was commenced under the Jimmy Ryce Act.

62. Each of these defendants had a duty to Morel to make sure that he was only subjected to a civil commitment had he been in "lawful custody".

63. Defendant DOC had a duty to properly calculate release dates, per Section 944.275(4), Fla. Stat. It breached that duty, as well as the duty to release Morel once it was determined that he was not longer in "lawful custody."

64. Defendants DCF and The GEO Group, Inc., also had a duty to make sure than any detainee had a properly calculated release date, per Section 944.275(4), Fla. Stat., before it allowed such detainee to be admitted for civil commitment, and that each detainee was, in fact, in "lawful custody" before admission into the FCCC. These Defendants breached that duty.

65. As a direct and proximate result of the acts and omissions of these Defendants, Morel suffered damages including past, present, and future emotional and physical distress,

embarrassment, humiliation, and shame, all of which exist to this day and will continue in the future.

**WHEREFORE**, Plaintiff Morel demands judgment against Defendants DOC and DCF and its agents, including Defendants GEO Group Inc. and GEO CARE LLC, for compensatory damages, costs of this action, and also demands a *jury trial of all issues so triable*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Amended Complaint has been electronically filed and also emailed to the Service List, on this 9th day of June, 2018, in conjunction with the Motion for Leave to File the Amended Complaint, served on the same date.

Respectfully submitted,

*/s Valentin Rodriguez*

_____
VALENTIN RODRIGUEZ, ESQ.
**Valentin Rodriguez, P.A.**
2465 Mercer Avenue, Suite 301
West Palm Beach, FL 33401
(561) 832-7510
Fla Bar No. 047661
*defend1@bellsouth.net*

-and-

**Robert S. Franklin, Esq**.
**ROBERT S. FRANKLIN, P.A.**
2465 Mercer Avenue, Suite 301
West Palm Beach, FL 33401
(561) 775-7000
rfranklinlaw@gmail.com
Fla. Bar No. 914061

Counsel for Plaintiff Morel

**Service List for Counsel of Record:**

Gregory A. Kummerlen, Esq.
Widerhold, Moses, Kummerlen & Waronick PA
340 Columbia Drive, Suite 111
West Palm Beach, FL 33402
*Counsel for GEO Care LLC and GEO Group LLC*

David Peterson, Esq. & Jack N. Peterson, Esq.
Peterson Law
5375 N.W. 159th Street, #5170
Miami Lakes, FL 33014
*Counsel for Defendants DOC & DCF*



*Law Offices*

120 S. Dixie Highway, Suite 204
West Palm Beach, FL 33401

**Val Rodriguez, Jr.**

*Southern, Middle and Northern Districts of Fla.*
*Florida Bar Board Certified - Criminal Trial*
*Email: defend@bellsouth.net*
*www.defenderforme.com*

*Telephone*
*(561) 832-7510*
*Facsimile*
*(561) 537-7050*

January 21, 2016

Mike Carroll, Secretary
Florida Department of Children and Families
1317 Winewood Blvd.
Building 1, Room 202
Tallahassee, Florida 32399-700

re:    Claimant:      Ronald J. Morel
Social Sec. No.:
DOB:
POB:      Bronx, NY
Prior judgments:    None
Date(s) of incident:    1/29/2002 to 6/18/2014

Dear Insurance Commissioner:

Notice is hereby given pursuant to Florida Statute, Section 768.28(6), of our intent to file a lawsuit against the State of Florida (the Department of Corrections and the Department of Children and Families) on behalf of **Ronald J. Morel**, for: negligence, false imprisonment, and/or malicious prosecution, arising out of his incarceration by agents of the the **Department of Corrections** (DC No. 602582) and his involuntary commitment by agents of the **Department of Children and Families**, from January 29, 2002, to his release by Court Order on June 18, 2014. *See attached Order. (Case No. 4D12-447, 4th DCA, Morel v. State).*

Sincerely,

VALENTIN RODRIGUEZ
**Valentin Rodriguez, P.A.**

VR/sb

Registered Mail: Receipt No. 7002086000694180638


PLAINTIFF'S EXHIBIT A

*Law Offices*
*Valentin Rodriguez, P. A.*

120 S. Dixie Highway, Suite 204
West Palm Beach, FL 33401

Val Rodriguez, Jr.

*Southern, Middle and Northern Districts of Fla.*
*Florida Bar Board Certified - Criminal Trial*
*Email: defend@bellsouth.net*
*www.defenderforme.com*

*Telephone*
*(561) 832-7510*
*Facsimile*
*(561) 537-7050*

January 21, 2016

Julie L. Jones
Secretary,
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, FL 32399-2500

re:     **Claimant:**      Ronald J. Morel
      **Social Sec. No.:**      [redacted]
      **DOB:**      [redacted]
      **POB:**      Bronx, NY
      **Prior judgments:**      None
      **Date(s) of incident:**      1/29/2002 to 6/18/2014

Dear Secretary:

Notice is hereby given pursuant to Florida Statute, Section 768.28(6), of our intent to file a lawsuit against the State of Florida (the Department of Corrections and the Department of Children and Families) on behalf of **Ronald J. Morel**, for: negligence, false imprisonment, and/or malicious prosecution, arising out of his incarceration by agents of the the **Department of Corrections** (DC No. 602582) and his involuntary commitment by agents of the **Department of Children and Families**, from January 29, 2002, to his release by Court Order on June 18, 2014. *See attached Order. (Case No. 4D12-447, 4th DCA, Morel v. State).*

Sincerely,

VALENTIN RODRIGUEZ
**Valentin Rodriguez, P.A.**

VR/sb

Registered Mail: Receipt No. 70020860000694177652

Case 0:18-cv-61980-DPG   Document 1-1   Entered on FLSD Docket 08/22/2018   Page 18 of 19

Law Offices of Valentin Rodriguez P.A.
120 S. Dixie Highway, Suite 204
West Palm Beach, FL 33401

7002 0860 0006 9417 7652

CERTIFIED MAIL

Law Offices of Valentin Rodriguez P.A.
120 S. Dixie Highway, Suite 204
West Palm Beach, FL 33401

7002 0860 0006 9418 0638

CERTIFIED MAIL

Law Offices of Valentin Rodriguez P.A.
120 S. Dixie Highway, Suite 204
West Palm Beach, FL 33401

7002 0860 0006 9418 0645

CERTIFIED MAIL

Julie L. Jones
Secretary,
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, FL 32399-2500





CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA

February 10, 2016

Valentin Rodriguez, Esquire
Law Offices Valentin Rodriguez, P.A.
120 S. Dixie Highway, Suite 204
West Palm Beach, Florida 33401

Re:   **Your Client(s):   Ronald J. Morel**
      **Risk Management Reference:   2011608170**

Dear Mr. Rodriguez:

We are in receipt of your letter of representation and notice of claim regarding the above. This office has initiated an investigation into the matter. Review of Florida Statutes is encouraged to ensure proper compliance in presenting your claim or lawsuit against the governmental entity(ies).

You should provide this office with all documentation regarding the alleged event or events. In the event you have provided a support package, kindly ensure all materials have been provided and that no additional records exist. Any and all information you wish considered as a part of this claim should also be provided during our investigative period to allow full consideration of this claim.

**Any and all** collateral sources of health, accident and other coverage or benefit should be disclosed. This would include PIP payout register, Med Pay benefits, Workers Compensation benefits or other accident or health benefits paid to your client or on their behalf.  Be advised the **State of Florida Department of Corrections and Department of Children and Familes** are governmental entities, or a branch of a governmental entity, which is a participating member of the State of Florida Casualty Risk Management Trust Fund and that no policy contract is available. Coverage limits are addressed in Florida Statutes. Upon receipt of your response, completion of the investigation and our evaluation, we will advise you of our position.

Kindly ensure the above referenced Risk Management Reference number is included in future correspondence.

Cordially,

Alfonso Zapata
Risk Management Program Specialist

AZ/ds